JOHN W. M. PALMER, Appellant, v. B. D. ELSBERRY, Respondent.

St. Louis Court of Appeals, April 4, 1899.

Contract for Sale of Personal Property: PRICE $200: VOIDABLE: PRACTICE, TRIAL. In the case at bar no written memorandum of the sale was signed; no earnest money was paid; the price was over $30, and unless there was a delivery of the possession, no matter how definite and certain was the agreement of sale, the sale was voidable at the election of either party, and held further that under the plaintiff's testimony in this case it was the duty of the court to take the case from the jury.

Palmer v. Elsberry.

*Appeal from the Lincoln Circuit Court.*—HON.
ELLIOTT M. HUGHES, Judge.

AFFIRMED.

WM. A. DUDLEY for appellant.

There was evidence of a valid sale and the court erred
in taking the case from the jury and directing a verdict for
the defendant.   Charles v. Patch, 87 Mo. 450, 463; Wilson
v. Board of Education, 63 Mo. 137; Berry v. Mo. Pac. R'y
Co., 124 Mo. 223, 244; Vorgeli v. Marble & Granite Co., 56
Mo. App. 678; Twohey v. Fruin, 96 Mo. 104. . Delivery
under a verbal contract of sale passes the title to
personal property.   Gatzweiler v. Morgner, 51 Mo. 47;
Boot & ·Shoe Co. v. Bain, 46 Mo. App. 581; Dyer
v. Balsley, 40 Mo. App. 559.   No question of accept-
ance or identity of the goods sold or the terms of the con-
tract arose on the evidence, the delivery was sufficient and
passed the title.   Glasgow v. Nicholson, 25 Mo. 29; Bass v.
Walsh, 39 Mo. 192, 199; Ober v. Carson, 62 Mo. 209; Shoe
Co. v. Bain, 46 Mo. App. 589, 592.   The court erred in
overruling the motion for new trial.

NORTON, AVERY & YOUNG for respondent.

No sale of goods, wares or merchandise for the price of
$30 or upwards shall be valid unless all or a part of the goods
are delivered and accepted, or unless the buyer gives some-
thing in earnest to bind the bargain, or unless a memorandum
of the sale is made and signed by the party sought to be
charged.   R. S. 1889, sec. 5187.   Here nothing was given
in earnest, nor was there any writing signed, etc.   The only
contention on the part of appellant to take this case out of
the statute is that there was evidence of a delivery.   If
something remains for the seller to do, or the immediate

delivery of the property is not contemplated, the title does not pass. State v. Durant, 69 Mo. App. 390, 396. The question to transfer to, and vesting title in, the purchaser always involves an inquiry into the intentions of the contracting parties. It is to be ascertained whether their negotiations and acts show an intention on the part of the seller to relinquish all further claim as owner, and on the part of the buyer to assume such control with all liabilities. Ober v. Carson's Ex'rs, 62 Mo. 209-214; Cunningham v. Ashbrook, 20 Mo. 533; Glasgow v. Nicholson, 25 Mo. 29. Where there is no dispute about the facts and they are of unequivocal import, such that fair minded men could not draw different inferences from them, the question whether there has been such a change of possession, as satisfies the statutes, is to be declared by the court. Dyer v. Balsley, 40 Mo. App. 559-562; Leiser v. Boechoff, 33 Mo. App. 233. What delivery and change of possession of a chattel will satisfy the statute is a question of law, where there is no substantial controversy as to the facts. Knoop ex rel. v. Nelson Distilling Co., 26 Mo. App. 303, and cases cited.

BLAND, P. J.—Plaintiff began this suit before a justice of the peace. The action is in replevin for the recovery of two hundred loads of ice stored in an ice house of the defendant in the town of Elsberry and for $50 damages. The cause was appealed to the circuit court, where on trial *de novo* after the plaintiff had introduced all of his evidence the court at the instance of defendant gave an instruction that plaintiff was not entitled to recover. After the giving of this instruction defendant introduced evidence of the value of the ice taken and retained by plaintiff under the writ and recovered of plaintiff by way of damages $284, from which judgment plaintiff duly appealed.

Plaintiff's evidence and that of his witnesses tended to prove the following facts: The defendant owned an ice house in the town of Elsberry, in which he had stored about two

hundred loads of ice, insufficiently secured by proper covering to prevent waste; that he made a proposition to sell it to the plaintiff; that plaintiff and defendant went to the ice house and looked at the ice; that after some discussion they agreed on terms of sale, which were that plaintiff should pay defendant $200 cash the afternoon of the same day or the morning of the following day for the ice and the rent of the ice house during the season and until the plaintiff should deliver the ice to his customeres in the course of the trade. They agreed that an additional covering of sawdust should be placed over the ice, each party to pay one-half of the expenses thereof, the dust to be left in the ice house after the ice was taken out for the future use of defendant; that plaintiff in the afternoon of the same day delivered by his teamster a load of sawdust at the ice house, which was unloaded at a point pointed out by the defendant and convenient for placing in the ice house; the defendant stated on the same day to two or three persons that he had sold his ice to the plaintiff.    On the morning of the day after the trade was agreed on the plaintiff went to the ice house with two checks on local banks aggregating $200 and made payable to the defendant; he found defendant at the ice house and found the door of the ice house locked.    He offered the checks to defendant and demanded possession of the ice house; defendant refused to receive the checks or to put plaintiff in possession of the ice house, stating to plaintiff that $200 was not enough for his ice and he had concluded not to trade.    The contention of appellant is that there is some evidence of delivery of possession of the ice to him, and that the cause should have been submitted to the jury.    No written memorandum of the sale was signed; no earnest money was paid; the price was over $30, and unless there was a delivery of the possession, no matter how definite and certain was the agreement of sale, the sale was viodable at the election of either party according to the terms of section 5187 of the statute

of frauds (R. S. 1889). The evidence of plaintiff is that defendant refused to extend any credit on the sale; that the sale was a cash transaction and that defendant refused to give him credit for a third of the agreed purchase price for even a few days, but demanded and said he must have the cash down for the ice. ·There was no formal or symbolical delivery, and the conditions of the trade were such that it is quite clear that payment was a prerequisite to delivery and that defendant at no state of the negotiations contemplated a delivery until the purchase price should be paid. The plaintiff's own testimony leaves no doubt in the mind that there was in fact no delivery and no intention on the part of defendant to deliver, or part with his property until the purchase price was paid. State v. Durant, 69 Mo. App. 390. It was therefore the duty of·the court to take the case from the jury. State v. Durant, *supra.* No other question is presented by the record or briefs for our consideration and we affirm the judgment. All concur.